UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDWARD DIAZ,

    Petitioner,

-vs-                                        Case No. 8:09-CV-16-T-30TGW

SECRETARY, DEPARTMENT OF
CORRECTIONS,

    Respondent.
_____/

## ORDER

Before the Court is Petitioner's Motion Requesting Court to Dismiss Petitioner's § 2254 Habeas Corpus Petition Without Prejudice (Dkt. 7) in which Petitioner requests to dismiss his petition for federal habeas relief without prejudice. Petitioner essentially asserts that he has not exhausted the remedies available to him in state court. "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. 2254(b)(1)(A).

Rule 41 provides, in pertinent part, that "the plaintiff may dismiss an action without a court order by filing (I) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared." Rule 41(a)(1), Fed. R. Civ. P. No responsive pleading has been

filed in this case. "Ordinarily, a Rule 41(a)(1) voluntary dismissal is effective immediately and requires no action by the district court." *See University of So. Ala. v. The American Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (finding that a dismissal under Rule 41(a)(1) is generally self-executing).

ACCORDINGLY, the Court **ORDERS** that:

1. Petitioner's Motion Requesting Court to Dismiss Petitioner's § 2254 Habeas Corpus Petition Without Prejudice (Dkt. 7) is **GRANTED**, and Petitioner's petition for writ of habeas corpus (Dkt. 1) is **DISMISSED** without prejudice pursuant to Fed. R. Civ. P. 41(a)(1).[1]

2. The Clerk shall terminate all pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on February 9, 2009.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA: sfc
Copy furnished to:
*Pro Se* Petitioner

---

[1] The dismissal without prejudice does not excuse Petitioner from the one-year period of limitation for raising a habeas corpus petition in federal court. 28 U.S.C. § 2244(d). *See also Duncan v. Walker*, 533 U.S. 167, 182 (2001) (holding that "an application for federal habeas corpus review is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2). Section 2244(d)(2) therefore did not toll the limitation period during the pendency of [the] first federal habeas petition.").